IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-CV-206 MOC WCM

| | |
|---|---|
| WESLEY CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BLUE RIDGE METALS CORPORATION, ) | |
| DONALD YOUNG, KEITH RAMSEY, and ) | |
| JENNIFER KIRKPATRICK, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff Wesley Crawford's Motion to Extend the Discovery Deadline, and Other Deadlines in the Case (the "Motion to Extend," Doc. 17). Defendants have responded in opposition and Plaintiff has replied. Docs. 18 & 19.

Also before the Court is Plaintiff's "Motion to Seal Exhibits C-E attached to the Affidavit of Glen C. Shults in Support of Plaintiff Wesley Crawford's Reply Memorandum to Defendants' Response in Opposition to His Motion to Extend the Discovery Deadline" (the "Motion to Seal," Doc 20).

The potential extension of the pretrial deadlines was also discussed during a telephone conference with counsel on April 9, 2020 in connection with other discovery issues (Doc. 16).

## I. The Motion to Extend

The current discovery deadline is June 5, 2020, with motions due by July 7, 2020. Doc. 9. The case is set for trial during the December 7, 2020 term. Id.

Plaintiff requests that the discovery deadline be extended to September 4, 2020 and moves for "any necessary extensions of the dispositive motion deadline and trial date." Doc. 17, p. 1. Alternatively, Plaintiff "requests a reasonable extension that will allow him adequate time in which to complete discovery." Doc. 19, p. 2.

Plaintiff asserts that he needs the requested extension in order to review documents recently produced by Defendants, conduct additional depositions, and manually review certain additional documents located at Defendants' office. Plaintiff also asserts that additional time is needed to produce a supplemental expert report.

In response, Defendants state that they "certainly understand the need for flexibility during these uncertain times caused by the COVID-19 pandemic, and indeed may need the same as they complete their discovery" but argue that "Plaintiff's request for three months is excessive, particularly since there remains over a month until the close of discovery and such a lengthy extension would delay both dispositive motions and trial." Regarding Plaintiff's request to serve a supplemental expert report, Defendants advise they "generally have no objection" to the request but also state that Plaintiff has "had the documents

2

he claims need to be reviewed by his expert since March 6, 2020." Doc. 18, p. 16.

The parties' characterizations of the complexity of this case differ greatly, as do their views of how discovery has been conducted to date. By way of example, Plaintiff complains of Defendants' "missteps and obstructionist litigation tactics" as well as Defendants' recent "document dump" of 15,781 pages of documents, see Doc. 19, pp. 1 & 19, while Defendants argue that "Plaintiff has conducted an excessive amount of discovery, and has done so without any regard to the proportionality requirement set by Rule 26 and our Case Management Order." See Doc. 18, p. 2.[1]

However, and perhaps as an indication that counsel have been able to work cooperatively despite their differing views, no motions to compel or motions for protective orders have been filed by either side. Consequently, the question before the Court at this time is whether the current pre-trial schedule should be amended and, if so, in what manner.

Under the circumstances, including the challenges presented by the current public health situation, the undersigned is persuaded that allowing the parties some additional time to complete discovery is appropriate. The Court

---

[1] The parties' filings on the current scheduling issues are further evidence that this case is hotly contested. Those filings, collectively and inclusive of exhibits, total nearly 400 pages.

3

agrees with Defendants, however, that extending the discovery period by 90 days, moving the motions deadline, and continuing the trial, is not warranted. The parties have been aware of the June 5, 2020 discovery deadline since the Pretrial Order and Case Management Plan was entered on September 6, 2019. Doc. 9.

Accordingly, the Motion to Extend will be granted in part but the existing trial setting will be preserved. In addition, the parties are advised that the extensions allowed herein presume that the briefing of dispositive motions, if any, will follow the timelines set out in the Local Rules and will not include any extensions for responses or replies. The Court will not set specific deadlines for the production of any supplemental expert reports the parties may wish to exchange; the deadlines for such reports will continue to be governed by the Pretrial Order and Case Management Plan and the Rules of Civil Procedure.

## II. The Motion to Seal

In connection with Plaintiff's reply (Doc. 19) in support of the Motion to Extend, Plaintiff's counsel submitted an affidavit (Doc. 19-1). Attached to the affidavit were Exhibits A and B. Plaintiff has separately submitted Exhibits C, D, and E (Doc. 21), which total 9 pages. The Motion to Seal (Doc. 20) requests the sealing of those additional exhibits.

Plaintiff states that these documents were produced by Defendant Blue Ridge Metals Corporation, have been marked as "confidential" pursuant to the terms of a Consent Protective Order, and pertain to: "(a) information related to Plaintiff's medical condition, and (b) communications between former human-resources manager, Jennifer Kirkpatrick, and Blue Ridge Metals' management related to corporate practices and other competitively sensitive materials about the company's business and employment practices." Doc. 20, p. 2. Plaintiff requests that an order be entered sealing these items permanently. Doc. 20, p. 3.

As the subject exhibits are not material to the resolution of the Motion to Extend, the Court does not find it necessary to undertake an analysis of whether those 9 pages should be subject to permanent sealing. See LcvR 6.1(a) ("To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed."); LcvR 6.1(f) ("When addressing motions to seal, the Court must consider alternatives to sealing. If the Court determines that sealing is necessary, it will state its reasons with findings supporting its decision. The Court will also specify whether the sealing is temporary or permanent, and also may redact such orders in its discretion").

Accordingly, the Motion to Seal will be denied as moot.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff Wesley Crawford's Motion to Extend the Discovery Deadline, and Other Deadlines in the Case (Doc. 17) is **GRANTED IN PART**, and the following deadlines are extended:

    a. Discovery through and including July 31, 2020; and

    b. Motions through and including August 14, 2020.

2. All other provisions of the Pretrial Order and Case Management Plan (Doc. 9), including the December 7, 2020 trial setting, remain in effect.

3. The Motion to Seal Exhibits C-E Attached to the Affidavit of Glen C. Shults in Support of Plaintiff Wesley Crawford's Reply Memorandum to Defendants' Response in Opposition to His Motion to Extend the Discovery Deadline (Doc 20) is **DENIED AS MOOT**. Plaintiff may file, within seven (7) days, a motion seeking to withdraw the subject documents (Doc. 21). In the absence of such a request, the subject documents will be made public on the docket.

Signed: May 14, 2020

_W. Carleton Metcalf_
W. Carleton Metcalf
United States Magistrate Judge