IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No. 1:19-cv-206

| | |
|---|---|
| WESLEY CRAWFORD,<br><br>    Plaintiff,<br><br>vs.<br><br>BLUE RIDGE METALS CORPORATION, DONALD YOUNG, individually, KEITH RAMSEY, individually, and JENNIFER KIRKPATRICK, individually,<br><br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) PLAINTIFF WESLEY CRAWFORD'S<br> ) MEMORANDUM IN SUPPORT OF<br> ) HIS MOTION THAT HIS<br> ) DEPOSITION BE TAKEN<br> ) REMOTELY, VIA COMPUTER<br> ) TECHNOLOGY<br> ) <br> ) <br> ) <br> ) <br> ) (Rules 26(c) and 30(a)(4),<br> )  Fed. R. Civ. P.) |

### I. PRELIMINARY STATEMENT

Plaintiff Wesley Crawford ("Plaintiff" or "Crawford") seeks an order that his deposition be taken remotely, through computer technology, as opposed to an in-person deposition. Plaintiff has a constellation of former and current physical and mental impairments, including rectal cancer, hypertension (high blood pressure); hypogonadism (low testosterone); and anxiety and depression. Crawford was diagnosed with rectal cancer in the summer of 2016, and underwent surgery, radiation, and chemotherapy before and after the surgery. He currently has high blood pressure, low testosterone, and anxiety and depression. He is also a former smoker.

Although the full extent of the debilitating impact of COVID-19 is unknown, the Centers for Disease Control currently advises that persons with hypertension/high blood pressure and smoking might be at an increased risk for severe illness from COVID-19. During the pandemic, the federal courts across the country have ordered that depositions be taken remotely, via

1

computer technology, in a variety of circumstances, and including cases in which a party insists on in-person depositions.

The parties have met and conferred since June 7, 2020 about this issue and have not reached agreement. Throughout the process, Defendants' counsel have been unable to articulate any rationale as to what can be accomplished in an in-person deposition that cannot be accomplished just as well with a remote deposition. Defendants argue that the justifying factor is that the plaintiff is being deposed, and not a third-party witness. That argument simply begs the question. Next, Defendants argue that they need to evaluate Plaintiff's credibility in person. That argument is unpersuasive because with current computer technology, an attorney can directly observe a witness during the deposition. Finally, Defendants argue that this case is somehow distinguishable from the federal district court decisions that have ordered remote depositions over the objections of a party seeking an in-person deposition. It is not; the federal courts have rejected such arguments in the present circumstances.

## II. STATEMENT OF RELEVANT FACTS FOR THIS MOTION

The Court is familiar with the facts of this case, having addressed previous disputes in the matter. In April 2017, Plaintiff was terminated from Defendant Blue Ridge Metals Corporation several months after he returned from a medical leave for treatment of rectal cancer. In the summer of 2016, Crawford was diagnosed with rectal cancer, and was placed on leave by BRM in July 2016. Over the ensuing months, he underwent surgery for the cancer, and received radiation and chemotherapy. After his return to work on January 17, 2017, Crawford was repeatedly disciplined, and ultimately fired, even though he had a nearly unblemished work record during the sixteen (16) years prior to his medical leave. The first amended complaint alleges claims under the Americans with Disabilities Act for discrimination, interference, and

retaliation.

The present dispute concerns the issue of whether Plaintiff's deposition should be taken remotely, or in person, in view of the current Covid-19 pandemic. Crawford has a number of health problems. The medical record of his most recent visit to his primary care provider on October 24, 2019 shows that Crawford has the following health issues: (i) history of rectal cancer within the last five (5) years; (ii) hypertension (high blood pressure); (iii) hypogonadism (low testosterone); and (iv) depression and anxiety. The records from his treating oncologists show that he is a former smoker. See Affidavit of Glen C. Shults In Support Of Plaintiff's Motion For A Protective Order That His Deposition Be Taken Remotely, Via Computer Technology (herein "Shults Affidavit"), at ¶ 2, filed concurrently. The Centers for Disease Control's website states that individuals who have hypertension and are smokers might be at an increased risk for severe illness from COVID-19. Shults Affidavit, at ¶ 3. Moreover, the full impact of the coronavirus on the human body is not fully known, and some deleterious conditions have been observed in individuals with COVID-19.[1] Recent press reports indicate that there is a significant increase of coronavirus cases in the United States, including North Carolina.

Plaintiff is currently employed at Linamar's facility in Arden, North Carolina, on a shift running from 3:30 p.m. to 11:00 p.m. Crawford does not dispute that he is required to appear for work at Linamar. However, he has no control over this circumstance, short of quitting his job.

The parties exchanged e-mails about this matter during the approximate period of June 7 - 19, 2020, but were unable to reach an agreement on the issue. Shults Affidavit, at ¶ 4.

---

[1] See generally, McKay, Betsy and Hernandez, Daniela, "Coronavirus Hijacks the Body From Head to Toe, Perplexing Doctors," *Wall Street Journal*, May 7, 2020, p. A-1 (noting the newly-observed complications to the cardiovascular system (e.g., excessive blood clotting) and renal system (e.g., kidney failure) from COVID-19.

To date, Defendants have provided no case law or other authority for conducting Crawford's deposition in person under these circumstances.

Plaintiff plans to take only remote depositions in the case, and is using Huseby Global Litigation Support for that purpose, and in accordance with the procedure described below.

### III.　LEGAL ARGUMENT

Rule 30(b)(4), Fed. R. Civ. P., allows a deposition to be taken by telephone or other remote means. Plaintiff proposes that his deposition be taken remotely. Plaintiff anticipates that a remote deposition would work as follows: Plaintiff and his counsel would be in the undersigned's law office positioned before a computer screen. Defendants' counsel would be at their computer screens, presumably at their law offices. Any party or party representative of Defendants would be allowed to appear for the deposition remotely as well, either at their attorneys' offices, or at another location. The court reporter would be transcribing the deposition remotely. Firms such as Huseby Global Litigation have a representative available for any technical issues that might arise during the deposition.

Over the past three (3) months, the federal district courts have issued a number of unpublished decisions regarding the appropriateness of remote depositions during the COVID-19 pandemic. The factual contexts for the cases vary, but the clear majority of the decisions have ordered remote depositions over a variety of arguments and objections made by the parties in those cases. Some cases address circumstances in which parties dispute whether a remote deposition should be ordered over a party's preference for an in-person deposition. See, e.g., In re Broiler Chicken Antitrust Litigation, 2020 WL 3469166 *3 (N.D. Ill. June 25, 2020) (rejecting party's argument that in-person depositions should be ordered because of an attorney's preference for an in-person deposition in order to defend the deposition); Lundquist v. First

National Insurance Company of America, 2020 WL 3266225*2 (W.D. Wash. June 17, 2020) (ordering remote depositions, and rejecting defendant's argument that in-person depositions were necessary "to test the credibility of the witnesses"); Learning Resources, Inc. v. Playgo Toys Enterprises, Ltd., 2020 WL 3250723*3 (N.D. Ill. June 16, 2020) (ordering remote depositions over party's objection regarding the importance of observing a witness in person); and Townhouse Restaurant of Oviedo, Inc. v. NUCO2, LLC, 2020 WL 3316021 (S.D. Fla. May 5, 2020) (ordering remote depositions over party's objection that it would be prejudiced if prohibited from in-person depositions given anticipated adversarial nature of the case).

Other cases address a party's attempt to stay any depositions, or extend deadlines in litigation during the pandemic. See, e.g., Grano v. Sodexo Management, Inc., 2020 WL 1975057*3 (S.D. Cal. April 24, 2020) (ordering remote depositions over a party's efforts to stay depositions, and rejecting the argument that remote depositions were cumbersome or unworkable); Ogilvie v. Thrifty Payless, Inc., 2020 WL 2630732* 2 (W.D. Wash. May 12, 2020) (ordering remote depositions, and declining to extend litigation deadlines);and Velicer v. Falconhead Capital, LLC, 2020 WL 1847773*2 (W.D. Wash. 2020) (ordering remote depositions over party's request for extension of the trial date).

In yet other cases, the federal courts have rejected arguments that depositions should be stayed because witnesses would have to travel across state lines when remote depositions could be taken. See, e.g., SAPS, LLC v. EZCare Clinic, 2020 WL 1923146*2 (E.D. La. April 21, 2020) (rejecting a party's argument that depositions should be stayed because of the pandemic and the fact that corporate witnesses would have to travel across state lines for in-person depositions).

Finally, some courts have ordered remote depositions simply on account of the fact of the

pandemic. See, e.g., Air Charter Service (Florida) Inc. v. Mach 1 Global Services, 2020 WL 1326429 (S.D.N.Y. March 19, 2020) and Sinceo v. The Riverside Church in the City of New York, 2020 WL 1302053 (S.D.N.Y March 18, 2020).

In the instant case, Defendants claim that there is nothing to worry about because the Hilton hotel chain has enlisted the assistance of the Mayo Clinic in achieving some standard of cleanliness at their hotels. However, the CDC states that for persons with an increased risk of severe illness from COVID-19, the best way to protect oneself is to limit interactions with people as much as possible. The more that one interacts with people, the greater the risk of contracting COVID-19. Requiring an individual to attend a deposition at a hotel with public facilities in a public area (Biltmore Park) obviously entails a risk of contracting COVID-19. This appears to be an unassailable fact given the significant increase in the infections resulting from the reopening of the states. Moreover, it is plainly not the case that facilities that presumably adhere to high standards of hygiene (e.g., nursing homes) do not entail a significant risk of infection. Defendants' contention that an in-person deposition at a Hilton Hotel located in a commercial area of Buncombe County is a risk-free endeavor under the current circumstances is simply wrong.

Even more significant is Defendants' inability to articulate any reason why the purpose of a deposition – to discover information from an individual (regardless of whether it is a party or non-party) with knowledge relevant to the claims and defenses in a case – cannot be accomplished as effectively by a remote deposition as opposed to an in-person deposition.

The only argument discernable in Defendants' position is that it is important to personally observe the witness at an in-person deposition. That argument fails for several reasons. First, over the past months, the federal courts have rejected that argument as a reason

6

Case 1:19-cv-00206-MOC-WCM   Document 27-1   Filed 07/03/20   Page 6 of 7

against ordering remote depositions. In that regard, the decisions have held that leave to take remote depositions pursuant to Rule 30(b)(4) should be liberally granted. See In re Broiler Chicken Antitrust Litigation, supra, at 2020 WL 3469166*7 (N.D. Ill. 2020) (citing cases). That is especially the case under the current circumstances. This Court's Order entered on May 29, 2020, leaves the handling of court proceedings largely to the judges' discretion, and allows certain matters, such as civil motions, to be handled remotely. The difference between a court proceeding and a deposition is obvious; a court proceeding must generally take place inside of a courthouse, but a deposition is not required to take place at an assigned place or procedure under the Rule 30, Fed. R. Civ. P. Finally, the available computer technology allows attorneys to observe a witness during the deposition.

## IV. CONCLUSION

For all of the foregoing reasons, the Court should order that Plaintiff's deposition in this case be taken remotely, via computer technology.

Dated: July 3, 2020

LAW OFFICES OF GLEN C. SHULTS

By: Glen C. Shults

Attorneys for Plaintiff
WESLEY CRAWFORD

959 Merrimon Avenue, Suite 204 (28804)
P.O. Box 18687
Asheville, North Carolina 28814
Telephone: (828) 251-9676
Facsimile: (828) 251-0648
E-Mail: shultslaw@bellsouth.net
