## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### Civil Action No. 1:19-cv-206

| | |
|---|---|
| **WESLEY CRAWFORD,** ) | |
| ) | **AFFIDAVIT OF GLEN C. SHULTS** |
| **Plaintiff,** ) | **IN SUPPORT OF PLAINTIFF** |
| ) | **WESLEY CRAWFORD'S MOTION** |
| **vs.** ) | **FOR A PROTECTIVE ORDER** |
| ) | **THAT HIS DEPOSITION BE** |
| **BLUE RIDGE METALS** ) | **TAKEN REMOTELY, VIA** |
| **CORPORATION, DONALD YOUNG,** ) | **COMPUTER TECHNOLOGY** |
| **individually, KEITH RAMSEY,** ) | |
| **individually, and** ) | |
| **JENNIFER KIRKPATRICK,** ) | |
| **individually,** ) | |
| ) | |
| **Defendants.** ) | |

I, Glen C. Shults, declare and state as follows:

1.      I have personal knowledge of the following facts, and could testify to them if called upon to do so.  I have represented the plaintiff, Wesley Crawford, throughout the course of this litigation.  I am making this affidavit in connection with Plaintiff's Motion For A Protective Order That His Deposition Be Taken Remotely, Via Computer Technology.

2.      In the course of this litigation, this firm obtained Plaintiff's medical records that were relevant to the case.  Among the records that were obtained were medical records from Asheville Hematology and Oncology and East Asheville Family Health Care.  Attached as **Exhibits-A and B**, respectively is a record of Plaintiff's visit to Asheville Hematology & Oncology on June 27, 2016 (Bates-stamp No. P 00215 – P 00218) and his visit to East Asheville Family Practice on October 24, 2019 (Bates-stamp Nos. P 01005 – P 01007).  **Exhibit-B** is the last record that this firm has of Plaintiff's visit to a health care provider.  These records were

1

provided to Defendants in the course of discovery.

3.      Attached as **Exhibit-C** is a page from the Centers for Disease Control summarizing the agency's current information regarding health impairments that may cause an individual to be at increased risk for severe illness from COVID-19.

4.      Prior to the filing of this motion, I engaged in e-mail communications regarding the manner in which Plaintiff's deposition should be taken in this case. Those e-mail communications are attached as **Exhibits-D(1) and D(2)**.

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Executed this 3rd day of July 2020, in Asheville, North Carolina.


_____
GLEN C. SHULTS

# Exhibit-C

**CDC** Centers for Disease Control and Prevention
CDC 24/7: Saving Lives, Protecting People™

# Coronavirus Disease 2019 (COVID–19)

# People of Any Age with Underlying Medical Conditions

Updated June 25, 2020                    Print Page

## Summary of Recent Changes

*Revisions were made on June 25, 2020 to reflect available data as of May 29, 2020. We are learning more about COVID-19 every day, and as new information becomes available, CDC will update the information below.*

People of any age with **certain underlying medical conditions** are at increased risk for severe illness from COVID-19:

People of any age with the following conditions **are at increased risk** of severe illness from COVID-19:

- Chronic kidney disease
- COPD (chronic obstructive pulmonary disease)
- Immunocompromised state (weakened immune system) from solid organ transplant
- Obesity (body mass index [BMI] of 30 or higher)
- Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies
- Sickle cell disease
- Type 2 diabetes mellitus

Children who are medically complex, who have neurologic, genetic, metabolic conditions, or who have congenital heart disease are at higher risk for severe illness from COVID-19 than other children.

COVID-19 is a new disease. Currently there are limited data and information about the impact of underlying medical conditions and whether they increase the risk for severe illness from COVID-19. Based on what we know at this time, people with the following conditions **might be at an increased risk** for severe illness from COVID-19:

- Asthma (moderate-to-severe)
- Cerebrovascular disease (affects blood vessels and blood supply to the brain)
- Cystic fibrosis
- Hypertension or high blood pressure
- Immunocompromised state (weakened immune system) from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines
- Neurologic conditions, such as dementia
- Liver disease
- Pregnancy
- Pulmonary fibrosis (having damaged or scarred lung tissues)

- Smoking
- Thalassemia (a type of blood disorder)
- Type 1 diabetes mellitus

Want to see the evidence behind these lists?

The list of underlying conditions is meant to inform clinicians to help them provide the best care possible for patients, and to inform individuals as to what their level of risk may be so they can make individual decisions about illness prevention. We are learning more about COVID-19 every day. This list is a living document that may be updated at any time, subject to potentially rapid change as the science evolves.

# Reduce your risk of getting COVID-19

It is especially important for people at increased risk of severe illness from COVID-19, and those who live with them, to protect themselves from getting COVID-19.

The best way to protect yourself and to help reduce the spread of the virus that causes COVID-19 is to:

- Limit your interactions with other people as much as possible.
- Take precautions to prevent getting COVID-19 when you do interact with others.

If you start feeling sick and think you may have COVID-19, get in touch with your healthcare provider within 24 hours.

# Venturing out into a public setting? What to consider before you go.

As communities and businesses across the United States are opening, you may be thinking about resuming some activities, running errands, and attending events and gatherings. **There is no way to ensure you have zero risk of infection**, so it is important to understand the risks and know how to be as safe as possible.

People at increased risk of severe illness from COVID-19, and those who live with them, should consider their level of risk before deciding to go out and ensure they are taking steps to protect themselves. Consider avoiding activities where taking protective measures may be difficult, such as activities where social distancing can't be maintained. **Everyone should take steps to prevent getting and spreading COVID-19** to protect themselves, their communities, and people who are at increased risk of severe illness.

In general, **the more people you interact with, the more closely you interact with them, and the longer that interaction, the higher your risk of getting and spreading COVID-19.**

- If you decide to engage in public activities, continue to protect yourself by practicing everyday preventive actions.
- Keep these items on hand and use them when venturing out: a cloth face covering, tissues, and a hand sanitizer with at least 60% alcohol, if possible.
- If possible, avoid others who are not wearing cloth face coverings or ask others around you to wear cloth face coverings.

# Are you considering in-person visits with family and friends? Here are

# some things to consider to help make your visit as safe as possible:

**When to delay or cancel a visit**

- Delay or cancel a visit if you or your visitors have symptoms of COVID-19 or have been exposed to someone with COVID-19 in the last 14 days.
- Anyone who has had close contact with a person with COVID-19 should stay home and monitor for symptoms.

**In general, the more people you interact with, the more closely you interact with them, and the longer that interaction, the higher the risk of COVID-19 spread.** So, think about:

- How many people will you interact with?
- Can you keep 6 feet of space between you and others?
- Will you be outdoors or indoors?
- What's the length of time that you will be interacting with people?

**Encourage social distancing during your visit**

- Visit with your friends and family **outdoors,** when possible. If this is not feasible, make sure the room or space is well-ventilated (for example, open windows or doors) and large enough to accommodate social distancing.
- Arrange tables and chairs to allow for social distancing. People from the same household can be in groups together and don't need to be 6 feet apart from each other.
- Consider activities where social distancing can be maintained, like sidewalk chalk art or yard games.
- Try to avoid close contact with your visitors. For example, don't shake hands, elbow bump, or hug. Instead wave and verbally greet them.
- If possible, avoid others who are not wearing cloth face coverings or ask others around you to wear cloth face coverings.
- Consider keeping a list of people you visited or who visited you and when the visit occurred. This will help with contract tracing if someone becomes sick.

**Wear cloth face coverings**

- Cloth face coverings should be worn over the nose and mouth. Cloth face coverings are especially important when it is difficult to stay at least 6 feet apart from others or when people are indoors to help protect each other.
- Cloth face coverings may slow the spread of the virus and help people who may have the virus and do not know it from transmitting it to others
  - Wearing a cloth face covering helps protects others in case you're infected, while others wear one to protect you should they be infected.
- **Who should NOT use cloth face coverings:** Children under age 2 or anyone who has trouble breathing, is unconscious, or is incapacitated or otherwise unable to remove the mask without assistance.

**Wash hands often**

- Everyone should wash their hands for at least 20 seconds at the beginning and end of the visit and whenever you think your hands may have become contaminated.
- If soap and water are not readily available, such as with outdoor visits or activities, use a hand sanitizer that contains at least 60% alcohol. Cover all surfaces of your hands and rub them together until they feel dry.
- Remind guests to wash or sanitize their hands before serving or eating food.

- Use single-use hand towels or paper towels for drying hands so visitors do not share towels. Have a no-touch trash can available for guests to use.

**Limit contact with commonly touched surfaces or shared items**

- Encourage your visitors to bring their own food and drinks.
- Clean and disinfect commonly touched surfaces and any shared items between use.
- If you choose to use any shared items that are reusable (e.g., seating covers, tablecloths, linen napkins), wash, clean, and sanitize them after the event.

## If you are thinking about participating in an event or gathering:

If you are at increased risk for severe illness, consider avoiding high-risk gatherings. The risk of COVID-19 spreading at events and gatherings increases as follows:

**Lowest risk:** Virtual-only activities, events, and gatherings.

**More risk:** Smaller outdoor and in-person gatherings in which individuals from different households remain spaced at least 6 feet apart, wear cloth face coverings, do not share objects, and come from the same local area (e.g., community, town, city, or county).

**Higher risk:** Medium-sized in-person gatherings that are adapted to allow individuals to remain spaced at least 6 feet apart and with attendees coming from outside the local area.

**Highest risk:** Large in-person gatherings where it is difficult for individuals to remain spaced at least 6 feet apart and attendees travel from outside the local area.

## Stay healthy during the COVID-19 pandemic

Staying healthy during the pandemic is important. Talk to your healthcare provider about whether your vaccinations and other preventive services are up to date to help prevent you from becoming ill with other diseases.

- It is particularly important for those at increased risk of severe illness, including older adults, to receive recommended vaccinations against influenza and pneumococcal disease.
- Remember the importance of staying physically active and practicing healthy habits to cope with stress.

## If you have an underlying medical condition, you should continue to follow your treatment plan:

- **Continue your medicines** and do not change your treatment plan without talking to your healthcare provider.
- **Have at least a 30-day supply** of prescription and non-prescription medicines. Talk to a healthcare provider, insurer, and pharmacist about getting an extra supply (i.e., more than 30 days) of prescription medicines, if possible, to reduce your trips to the pharmacy.
- **Do not delay getting emergency care for your underlying medical condition** because of COVID-19. Emergency departments have contingency infection prevention plans to protect you from getting COVID-19 if you need care.
- **Call your healthcare provider if you have any concerns** about your underlying medical conditions or if you get sick and think that you may have COVID-19. If you need emergency help, call 911 right away.
- **If you don't have a healthcare provider,** contact your nearest community health center ⧉ or health department.

# Actions you can take based on your medical conditions and other risk factors

## Asthma (moderate-to-severe)

Having moderate-to-severe asthma may increase your risk for severe illness from COVID-19.

**Actions to take**

- Follow your Asthma Action Plan.
- Keep your asthma under control.
- Continue your current medicines, including any inhalers with steroids in them ("steroids" is another word for corticosteroids).
- Make sure that you have at least a 30-day supply of your medicines.
- Know how to use your inhaler.
- Avoid your asthma triggers.
- Call your healthcare provider if you have concerns about your condition or feel sick.
- **If you don't have a healthcare provider,** contact your nearest community health center ☐ or health department.
- If possible, have another member of your household who doesn't have asthma clean and disinfect your house for you. When they use cleaning and disinfecting products, have them:
  - Make sure that people with asthma are not in the room.
  - Minimize use of disinfectants that can cause an asthma attack.
  - Open windows or doors and use a fan that blows air outdoors.
  - Always follow the instructions on the product label.
  - Spray or pour spray products onto a cleaning cloth or paper towel instead of spraying the product directly onto the cleaning surface (if the product label allows).

Learn more about asthma.

## Chronic kidney disease

Having chronic kidney disease of any stage increases your risk for severe illness from COVID-19.

**Actions to take**

- Continue your medicines and your diet as directed by your healthcare provider.
- Make sure that you have at least a 30-day supply of your medicines.
- Stay in contact with your healthcare team as often as possible, especially if you have any new signs or symptoms of illness. Also reach out to them if you can't get the medicines or foods you need.
- **If you don't have a healthcare provider,** contact your nearest community health center ☐ or health department.
- Have shelf-stable food choices to help you follow your kidney diet.
- If you are on dialysis:
  - Contact your dialysis clinic and your healthcare provider if you feel sick or have concerns.
  - Do NOT miss your treatments.

- Plan to have enough food on hand to follow the KCER 3-Day Emergency Diet Plan ⬀ for dialysis patients in case you are unable to maintain your normal treatment schedule.

Learn more about kidney disease.

Learn how to take care of your kidneys.

## COPD, cystic fibrosis, pulmonary fibrosis, and other chronic lung diseases

Having COPD (including emphysema and chronic bronchitis) is known to increase your risk of severe illness from COVID-19. Other chronic lung diseases, such as idiopathic pulmonary fibrosis and cystic fibrosis, may increase your risk of severe illness from COVID-19.

**Actions to take**

- Keep taking your current medicines, including those with steroids in them ("steroids" is another word for corticosteroids).
- Make sure that you have at least a 30-day supply of your medicines.
- Avoid triggers that make your symptoms worse.
- Call your healthcare provider if you have concerns about your condition or feel sick.
- **If you don't have a healthcare provider,** contact your nearest community health center ⬀ or health department.

Learn more about COPD.

## Diabetes

Having type 2 diabetes increases your risk of severe illness from COVID-19. Based on what we know at this time, having type 1 or gestational diabetes may increase your risk of severe illness from COVID-19.

**Actions to take**

- Continue taking your diabetes pills and insulin as usual.
- Test your blood sugar and keep track of the results, as directed by your healthcare provider.
- Make sure that you have at least a 30-day supply of your diabetes medicines, including insulin.
- Follow your healthcare provider's instructions if you are feeling ill as well as the sick day tips for people with diabetes.
- Call your healthcare provider if you have concerns about your condition or feel sick.
- **If you don't have a healthcare provider,** contact your nearest community health center ⬀ or health department.

Learn more about diabetes.

## Hemoglobin disorders such as sickle cell disease and thalassemia

Having sickle cell disease (SCD) increases your risk for severe illness from COVID-19. Having other hemoglobin

disorders, like thalassemia, may increase your risk for severe illness from COVID-19.

Actions to take

- Ask your healthcare provider about telemedicine or remote healthcare visits, and know when to go to the emergency department.
- Work with your healthcare provider to manage medicines and therapies for your disorder (including hydroxyurea, chelation therapy, blood transfusions, and prescriptions for pain management) and any other health condition you may have (such as diabetes, high blood pressure, and arthritis).
- **If you don't have a healthcare provider,** contact your nearest community health center ⬀ or health department.
- Try to prevent vaso-occlusive episodes or pain crises by avoiding possible triggers.
- Review CDC's healthy living with SCD guide or our healthy living with thalassemia guide for tips to help you stay healthy.
- Find SCD resources and thalassemia resources to help navigate care and increase knowledge and awareness of SCD and thalassemia.
- Let friends and family know about the need for healthy blood donors.

## Immunocompromised state (weakened immune system) from blood, bone marrow, or organ transplant; HIV; use of corticosteroids; or use of other immune weakening medicines

Many conditions and treatments can cause a person to be immunocompromised or have a weakened immune system. These include: having a solid organ transplant, blood, or bone marrow transplant; immune deficiencies; HIV with a low CD4 cell count or not on HIV treatment; prolonged use of corticosteroids; or use of other immune weakening medicines. Having a weakened immune system may increase your risk of severe illness from COVID-19.

Actions to take

- Continue any recommended medicines or treatments and follow the advice of your healthcare provider.
- Do not stop taking your medicines without talking to your healthcare provider.
- Make sure that you have at least a 30-day supply of your medicines.
- Do not delay life-saving treatment or emergency care.
- Call your healthcare provider if you have concerns about your condition or feel sick.
- **If you don't have a healthcare provider,** contact your nearest community health center ⬀ or health department.

Information for people living with HIV.

## Liver disease

Having chronic liver disease, especially cirrhosis (scarring of the liver), may increase your risk for severe illness from COVID-19.

Actions to take

- Take your medicines exactly as prescribed.

- Make sure that you have at least a 30-day supply of your medicines.
- Call your healthcare provider if you have concerns about your condition or feel sick.
- **If you don't have a healthcare provider,** contact your nearest community health center ⧉ or health department.

Learn more about chronic liver disease.

## Pregnancy

Based on what we know at this time, **pregnant people might be at an increased risk for severe illness from COVID-19** compared to non-pregnant people. Additionally, there may be an increased risk of adverse pregnancy outcomes, such as preterm birth, among pregnant people with COVID-19.

**Actions to take**

- Do not skip your prenatal care appointments.
- Make sure that you have at least a 30-day supply of your medicines.
- Talk to your healthcare provider about how to stay healthy and take care of yourself during the COVID-19 pandemic.
- If you don't have a healthcare provider, contact your nearest community health center ⧉ or health department.
- Call your healthcare provider if you have any questions related to your health.
- Seek care immediately if you have a medical emergency.
- You may feel increased stress during this pandemic. Fear and anxiety can be overwhelming and cause strong emotions. Learn about stress and coping.

Learn more about pregnancy and COVID-19.

## Serious Heart Conditions and Other Cardiovascular and Cerebrovascular Diseases

Having any of the following serious heart conditions increases your risk of severe illness from COVID-19:

- Heart failure
- Coronary artery disease
- Congenital heart disease
- Cardiomyopathies
- Pulmonary hypertension

Having other cardiovascular or cerebrovascular disease, such as hypertension (high blood pressure) or stroke, may increase your risk of severe illness from COVID-19.

Learn more about serious heart conditions

**Actions to take**

- Take your medicines exactly as prescribed and follow your healthcare provider's recommendations for diet and exercise while maintaining social distancing precautions.

- Continue angiotensin converting enzyme inhibitors (ACE-I) or angiotensin-II receptor blockers (ARB) as prescribed by your healthcare provider for indications such as heart failure or high blood pressure.
- Make sure that you have at least a 30-day supply of your heart disease medicines, including high cholesterol and high blood pressure medicines.
- Call your healthcare provider if you have concerns about your condition or feel sick.
- **If you don't have a healthcare provider,** contact your nearest community health center ⬈ or health department.
- Do not delay life-saving treatment or emergency care.

Learn more about heart disease.

Learn more about stroke.

Learn more about high blood pressure.

## Obesity

Having obesity, defined as a body mass index (BMI) of 30 or above, increases your risk of severe illness from COVID-19.

**Actions to take**

- Take your medicines for any underlying health conditions exactly as prescribed.
- Follow your healthcare provider's recommendations for nutrition and physical activity, while maintaining social distancing precautions.
- Call your healthcare provider if you have concerns or feel sick.
- **If you don't have a healthcare provider,** contact your nearest community health center ⬈ or health department.

Learn more about obesity in adults.

Learn about obesity in children.

## Neurologic conditions such as dementia

Having neurologic conditions such as dementia may increase your risk of severe illness from COVID-19.

**Actions to take**

- Take your medicines as prescribed.
- Make sure that you have at least a 30-day supply of your medicines.
- Call your healthcare provider if you have concerns about your condition or feel sick.
- **If you don't have a healthcare provider,** contact your nearest community health center ⬈ or health department.

Learn more about dementia.

Learn about caring for people living with dementia during COVID-19.

Learn about amyotrophic lateral sclerosis (ALS).

## Smoking

Being a current or former cigarette smoker may increase your risk of severe illness from COVID-19.

**Actions to take**

- If you currently smoke, quit. If you used to smoke, don't start again. If you've never smoked, don't start.
- Counseling from a healthcare provider and Food and Drug Administration (FDA)-approved medications can double the chances of quitting smoking.
- For help quitting smoking, call 1-800-QUIT-NOW or visit smokefree.gov [↗] .
- Call your healthcare provider if you have concerns or feel sick.
- **If you don't have a healthcare provider,** contact your nearest community health center [↗] or health department.

Learn about smoking and tobacco use.

Learn about the health effects of cigarette smoking.

## Children with Certain Underlying Conditions

While children have been less affected by COVID-19 compared to adults, children with certain conditions may be at increased risk for severe illness. Children who are medically complex, who have serious genetic, neurologic, metabolic disorders, and with congenital (since birth) heart disease may be at increased risk for severe illness from COVID-19. Similar to adults, children with obesity, diabetes, asthma and chronic lung disease, or immunosuppression may be at increased risk for severe illness from COVID-19. CDC is investigating a rare but serious complication associated with COVID-19 in children called Multisystem Inflammatory Syndrome in Children (MIS-C). We do not yet know what causes MIS-C and who is at increased risk for developing it. Learn about MIS-C.

**Actions to take**

- Give medicines as prescribed for your child's underlying conditions.
- Make sure that you have at least a 30-day supply of your child's medicines.
- Call your child's healthcare provider if you have concerns and to discuss your child's specific conditions and risk for severe illness from COVID-19.
- Well-child visits and vaccines are still important during the COVID-19 pandemic. Stay in contact with your child's healthcare provider and make sure your child is up to date with vaccines to prevent other diseases. Learn more about how to protect yourself and your family during the COVID-19 pandemic.
- **If you don't have a healthcare provider,** contact your nearest community health center [↗] or health department.

Learn about preventing illness in your children.

Learn more about congenital heart disease and specific genetic and neurologic disorders in children.

## People with Multiple Underlying Conditions

The more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19.

**Actions to take**

- Continue your medicines and treatment plans as directed by your healthcare provider.
- Make sure that you have at least a 30-day supply of your medicines.
- Call your healthcare provider if you have any concerns or feel sick.
- **If you don't have a healthcare provider,** contact your nearest community health center ☐ or health department.
- Do not delay emergency care.

Page last reviewed: June 25, 2020
Content source: National Center for Immunization and Respiratory Diseases (NCIRD), Division of Viral Diseases

# Exhibit-D(1)

**Glen C. Shults**

| | |
|---|---|
| **From:** | Clodomir, Gerard <gclodomir@constangy.com> |
| **Sent:** | Monday, June 08, 2020 12:47 PM |
| **To:** | Glen C. Shults; Yarbrough, Jonathan |
| **Cc:** | wiley@wgcdlaw.com |
| **Subject:** | RE: Crawford v. Blue Ridge Metals Corporation |
| **Attachments:** | Motion to Extend Mediation Deadline.DOCX |

Glen: On Plaintiff's deposition, I will discuss with Jon and get back to you. As for mediation, we will be filing a motion to extend the mediation deadline by the end of today. Attached is a draft of our motion. I understand from our prior exchanges that you oppose the request, and have noted your opposition in the motion. But if that is not correct, please let me know.

---

**Gerard Clodomir**
**Attorney**

## Constangy, Brooks, Smith & Prophete, LLP
Direct: 336.721.6862
E-mail: gclodomir@constangy.com •View Bio/VCard
100 N. Cherry Street
Suite 300
Winston-Salem, NC 27101-4016
Main: 336.721.1001 • Fax: 336.748.9112
***

**From:** Glen C. Shults [mailto:shultslaw@bellsouth.net]
**Sent:** Sunday, June 7, 2020 4:42 PM
**To:** Yarbrough, Jonathan; Clodomir, Gerard
**Cc:** wiley@wgcdlaw.com
**Subject:** FW: Crawford v. Blue Ridge Metals Corporation

Jon/Gerard: I was able to speak with Crawford about a deposition date. Would you be available to take his deposition toward the end of the week of June 15, the week of June 22, or the week of June 29? Jon had sent a e-mail earlier today indicating the he was not available the from June 20 through June 27 for depositions of the individual defendants. I assume, but am not sure, that you would not schedule the deposition of Crawford that week. I also propose that the depositions in the case be taken by computer or telephone. Also, I wanted to find out your position on the mediation -- whether you agree to use Sarah Kromer as a mediator, and schedule the mediation by the deadline of June 19. As I said in my previous e-mail, the plaintiff will commit to a second mediation, with the plaintiff's paying one-half of the fees and expenses of the mediation, if the case is not resolved at a mediation conducted within the current deadline. Glen Shults

**From:** Glen C. Shults <shultslaw@bellsouth.net>
**Sent:** Friday, June 05, 2020 2:16 PM
**To:** 'Clodomir, Gerard' <gclodomir@constangy.com>
**Cc:** 'Yarbrough, Jonathan' <JYarbrough@constangy.com>; wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation

Gerard: The Order that Judge Metcalf issued addressed the discovery deadline, the motions deadline, the trial date, and the issue of supplemental expert reports. He did not change the mediation deadline so I believe that he considered that matter. I believe that the mediation deadline of June 19 still stands. As I said, I will commit to a second mediation, with

the plaintiff paying one-half of the mediator's fees and expenses, if the case is not settled at a mediation conducted within the deadline set by the Court. Glen Shults

**From:** Clodomir, Gerard <gclodomir@constangy.com>
**Sent:** Friday, June 05, 2020 1:09 PM
**To:** Glen C. Shults <shultslaw@bellsouth.net>
**Cc:** Yarbrough, Jonathan <JYarbrough@constangy.com>; wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation

Glen: Why are you so sure the Court considered extending the mediation deadline? I think it's far more likely it was not considered, as I don't believe it was mentioned in your motion, any of the briefing, or our teleconference. I'm inclined to go ahead with a motion to extend the deadline.

---

**Gerard Clodomir**
**Attorney**

**Constangy, Brooks, Smith & Prophete, LLP**
Direct: 336.721.6862
E-mail: gclodomir@constangy.com •View Bio/VCard
100 N. Cherry Street
Suite 300
Winston-Salem, NC 27101-4016
Main: 336.721.1001 • Fax: 336.748.9112
***

**From:** Glen C. Shults [mailto:shultslaw@bellsouth.net]
**Sent:** Friday, June 5, 2020 12:40 PM
**To:** Clodomir, Gerard
**Cc:** Yarbrough, Jonathan; wiley@wgcdlaw.com
**Subject:** FW: Crawford v. Blue Ridge Metals Corporation

Gerard: Please let me know whether your clients are amenable to using Sarah Kromer as a mediator, and if so, whether any of her dates are acceptable. If there is another mediator that you would prefer, let me know. As I have mentioned, I think that we should comply with the Court's deadline for the mediation, but am certainly willing to schedule a second mediation if necessary I am checking with Crawford on dates for his deposition. I understand that he has been working long hours, and will need to find a couple of days that he can take off. Glen Shults

**From:** Glen C. Shults <shultslaw@bellsouth.net>
**Sent:** Thursday, June 04, 2020 1:29 PM
**To:** 'Clodomir, Gerard' <gclodomir@constangy.com>
**Cc:** 'Yarbrough, Jonathan' <JYarbrough@constangy.com>; wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation

Gerard: I would think that the personnel file review would take longer than two (2) days, but I will ask Ms. Wong to set aside those two (2) days, and see how it goes. I think that with respect to the mediation, the Court doubtlessly considered this matter, and chose not to extend it. So, I do think the Court may well reject such a motion. Also, I had requested back in January an early mediation, not to preclude a second mediation, which was rejected. I would prefer going ahead with a mediation by the deadline, not to preclude a second mediation. Of course, you can always file a motion on that issue. Glen Shults

**From:** Clodomir, Gerard <gclodomir@constangy.com>
**Sent:** Thursday, June 04, 2020 1:14 PM

2

**To:** Glen C. Shults <shultslaw@bellsouth.net>; Yarbrough, Jonathan <JYarbrough@constangy.com>
**Cc:** wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation

Glen: On the personnel file review, we could do either June 17th or 19th. Let us know which is preferable. As for mediation, we think the best thing to do would be to move for an extension of the deadline. Particularly with the extension of the discovery deadline, I can't imagine the Court wouldn't permit it.

**Gerard Clodomir**
**Attorney**

**Constangy, Brooks, Smith & Prophete, LLP**
Direct: 336.721.6862
E-mail: gclodomir@constangy.com • View Bio/VCard
100 N. Cherry Street
Suite 300
Winston-Salem, NC 27101-4016
Main: 336.721.1001 • Fax: 336.748.9112
***

**From:** Glen C. Shults [mailto:shultslaw@bellsouth.net]
**Sent:** Wednesday, June 3, 2020 2:40 PM
**To:** Yarbrough, Jonathan; Clodomir, Gerard
**Cc:** wiley@wgcdlaw.com
**Subject:** Crawford v. Blue Ridge Metals Corporation

Jon/Gerard: I wanted to get back in touch about the mediation in the case. I contacted Sarah Kromer in Charlotte about a mediation via Zoom. She told me that she has done mediations that way, and she has the following dates available: June 10, 11, 15, and 18, staring at 10:00 a.m., and June 17, starting at 10:30 a.m. Since Judge Metcalf did not move the mediation deadline, I assume that June 19 still applies. Let me know if she is acceptable to you, and whether any of those dates would be acceptable. Also, I wanted to find out when Blue Ridge Metals intends to make the personnel files available for review. It has been several days since I last heard from Gerard about this. I spoke to Crawford about a deposition. He has been working multiple days straight, so he will need to find some time when he is off. Glen Shults

Law Offices of Glen C. Shults
959 Merrimon Avenue, Suite 204 (28804)
P.O. Box 18687
Asheville, North Carolina 28814
(828) 251-9676
(828) 251-0648 (Fax)

# Exhibit-D(2)

**Glen C. Shults**

| | |
|---|---|
| **From:** | Clodomir, Gerard <gclodomir@constangy.com> |
| **Sent:** | Friday, June 19, 2020 3:19 PM |
| **To:** | Glen C. Shults; Yarbrough, Jonathan |
| **Cc:** | wiley@wgcdlaw.com |
| **Subject:** | RE: Crawford v. Blue Ridge Metals Corporation |

Glen: We should have a notice to you by Monday.

---

**Gerard Clodomir**
**Attorney**

**Constangy, Brooks, Smith & Prophete, LLP**
Direct: 336.721.6862
E-mail: gclodomir@constangy.com •View Bio/VCard
100 N. Cherry Street
Suite 300
Winston-Salem, NC 27101-4016
Main: 336.721.1001 • Fax: 336.748.9112
***

**From:** Glen C. Shults [mailto:shultslaw@bellsouth.net]
**Sent:** Friday, June 19, 2020 1:42 PM
**To:** Yarbrough, Jonathan; Clodomir, Gerard
**Cc:** wiley@wgcdlaw.com
**Subject:** Crawford v. Blue Ridge Metals Corporation

Jon/Gerard: In order to properly present the dispute over the manner in which Crawford's deposition will be taken to the Magistrate Judge, I think that it makes sense to first get a copy of the deposition notice, so that it is in writing as to how the defendants intend to take the deposition, and have something in writing as opposed to e-mails. I would appreciate your sending Wiley and me the notice at your earliest convenience. I have asked that Crawford ask off for work on July 9, and I think that he should be able to get the day off. Thanks. Glen Shults

Law Offices of Glen C. Shults
959 Merrimon Avenue, Suite 204 (28804)
P.O. Box 18687
Asheville, North Carolina 28814
(828) 251-9676
(828) 251-0648 (Fax)

1

| | |
|---|---|
| **From:** | Clodomir, Gerard <gclodomir@constangy.com> |
| **Sent:** | Thursday, June 18, 2020 4:46 PM |
| **To:** | Glen C. Shults |
| **Cc:** | Yarbrough, Jonathan |
| **Subject:** | FW: Crawford v. Blue Ridge Metals Corporation [CNGY-WORKSITE.FID2061848] |

Glen: Given Crawford's role in this case, it is important to us that his deposition be in person. We are already working on making accommodations, including reserving a hotel conference room large enough to ensure that everyone can remain more than 6 feet apart. In addition, all participants can wear masks. This should be enough to address the noted concerns, but we are happy to discuss any other precautions you think may be appropriate. In the meantime, we will go ahead and prepare a notice for July 9. I saw your email just now about dates for the individual defendants. We will follow up shortly.

Thanks,
Gerard

---

**Gerard Clodomir**
**Attorney**

## Constangy, Brooks, Smith & Prophete, LLP
Direct: 336.721.6862
E-mail: gclodomir@constangy.com •View Bio/VCard
100 N. Cherry Street
Suite 300
Winston-Salem, NC 27101-4016
Main: 336.721.1001 • Fax: 336.748.9112
***

**From:** Glen C. Shults [mailto:shultslaw@bellsouth.net]
**Sent:** Thursday, June 18, 2020 12:05 PM
**To:** Yarbrough, Jonathan; Clodomir, Gerard
**Cc:** wiley@wgcdlaw.com
**Subject:** FW: Crawford v. Blue Ridge Metals Corporation [CNGY-WORKSITE.FID2061848]

Jon/Gerard: I am not sure why the dates in June for Crawford's deposition were not acceptable. In any event, it appears that the defendants are going to insist on an in-person deposition of the plaintiff, which we have opposed because of the pandemic and the health problems that can result in. On the other hand, it sounds as if you are insistent on taking an in-person deposition. I do not want to put this off until a few days before Crawford's deposition, so let me know today what your position is on this. I will need to bring the matter to the Court's attention before filing a motion for a protective order on this issue  Glen Shults

**From:** Glen C. Shults <shultslaw@bellsouth.net>
**Sent:** Tuesday, June 16, 2020 10:51 AM
**To:** 'Clodomir, Gerard' <gclodomir@constangy.com>
**Cc:** 'Yarbrough, Jonathan' <JYarbrough@constangy.com>; wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation [CNGY-WORKSITE.FID2061848]

Gerard: I had previously e-mailed you regarding Crawford's deposition, and provided dates in June 2020. I wanted to do the deposition in that time period so that if there were matters that came up in the deposition about documents/information that were either requested, but not provided in discovery, or about which the plaintiff has not taken discovery, then the plaintiff could propound interrogatories or document production requests to obtain that information before the close of discovery, or take measures to obtain information/documents that were requested, but not produced. Let me know if that will be the case. Also, Jon Yarbrough had indicated that he would demand an in-person deposition, and I have taken the position that the depositions should be conducted remotely, preferably by computer technology. Please let me know whether you still intend to notice an in-person deposition of Crawford. I will provide dates for the depositions of the individual defendants and Danny Byrd within the next couple of days. I will let Ms. Wong know about tomorrow. Please get back contact with me as soon as possible about whether you intend to question Crawford about any documents/information that have not been provided in discovery, including the ESI or any metadata associated with the ESI. Glen Shults

**From:** Clodomir, Gerard <gclodomir@constangy.com>
**Sent:** Tuesday, June 16, 2020 9:57 AM
**To:** Glen C. Shults <shultslaw@bellsouth.net>; Yarbrough, Jonathan <JYarbrough@constangy.com>
**Cc:** wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation [CNGY-WORKSITE.FID2061848]

Glen: In response to your last couple emails:

- For Crawford's deposition, let's do July 9.
- Keith Ramsey, Don Young, and Danny Byrd are all generally available in July with some advance notice. Jen Kirkpatrick is generally available on Mondays in July. To lock down specific dates that work for us as well, it is probably easiest for you to send us some proposed dates to work with.
- On the personnel files review, per your 6/4 email, BRM is expecting Ms. Wong tomorrow and Friday. If it turns out she will need more time, that should not be a problem. But as you said, let's see how it goes tomorrow and Friday. Ms. Wong can arrive as early as 8:30 am, and should ask for Alan Williams.
- Regarding the various subpoena responses, we've Bates-stamped the records from Hauth and Asheville Acquisitions (that we previously sent you) and will be reproducing to you shortly. Do you have records from Linamar? If so, please send them as soon as possible.

Thanks,
Gerard

_____

**Gerard Clodomir**
**Attorney**

Constangy, Brooks, Smith & Prophete, LLP
Direct: 336.721.6862
E-mail: gclodomir@constangy.com •View Bio/VCard
100 N. Cherry Street
Suite 300
Winston-Salem, NC 27101-4016
Main: 336.721.1001 • Fax: 336.748.9112
***

**From:** Glen C. Shults [mailto:shultslaw@bellsouth.net]
**Sent:** Monday, June 15, 2020 6:04 PM
**To:** Yarbrough, Jonathan
**Cc:** Clodomir, Gerard; wiley@wgcdlaw.com
**Subject:** FW: Crawford v. Blue Ridge Metals Corporation [CNGY-WORKSITE.FID2061848]

2

Jon/Gerard: Let me know when you want to depose Crawford. I need to get back to him on this matter. Thanks. Glen Shults

**From:** Glen C. Shults <shultslaw@bellsouth.net>
**Sent:** Friday, June 12, 2020 4:02 PM
**To:** 'Yarbrough, Jonathan' <JYarbrough@constangy.com>
**Cc:** 'Clodomir, Gerard' <gclodomir@constangy.com>; wiley@wgcdlaw.com
**Subject:** FW: Crawford v. Blue Ridge Metals Corporation [CNGY-WORKSITE.FID2061848]

Jon: Let me know the date that you want to schedule Crawford's deposition. I had provided dates that he was available in an e-mail to Gerard on May 29, and the reasons that we would oppose a deposition at the end of the discovery period. I also need to get that information to Crawford so that he can start working on getting the time off. On another matter, with respect to the safety data sheets from Freiborne and the employment records from Linamar, I am going to Bates-stamp them and produce them. We have already received from Gerard copies of the documents that were produced by Asheville Acquisitions, LLC, so I don't see the need to produce them unless you want them in a production from the plaintiff, and I'll be glad to do so. Finally, I need to find out if the company is still going to allow the review of the personnel files. Glen Shults

**From:** Glen C. Shults <shultslaw@bellsouth.net>
**Sent:** Friday, June 12, 2020 1:24 PM
**To:** 'Yarbrough, Jonathan' <JYarbrough@constangy.com>
**Cc:** 'Clodomir, Gerard' <gclodomir@constangy.com>; wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation [CNGY-WORKSITE.FID2061848]

Jon: Thanks for your response. If I find any additional case law that supports, or for that matter, goes against my position, I will provide you with the case cites. If you find any case law that support your position, please let me know. Also, as I mentioned in the earlier e-mail, please let me know the proposed date for Crawford's deposition. I would also like to schedule the deposition of Danny Byrd, who I assume still works for Blue Ridge Metals. Please let me know his availability, as well as the availability of the individual defendants. I will hold off on issuing deposition subpoenas until early next week, but I need to move forward on this. With respect to the individual defendants, I would not want to schedule their deposition on consecutive dates, or over the course of a single week or 10-day period, but have some time in between them. But I need to know what their availability is as soon as possible. I assume that Gerard is working on that. Glen Shults

**From:** Yarbrough, Jonathan <JYarbrough@constangy.com>
**Sent:** Friday, June 12, 2020 1:06 PM
**To:** Glen C. Shults <shultslaw@bellsouth.net>
**Cc:** Clodomir, Gerard <gclodomir@constangy.com>; wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation [CNGY-WORKSITE.FID2061848]

Glen – I will try to review these over the weekend.

---

**Jonathan W Yarbrough**
**Partner - Office Head**

## Constangy, Brooks, Smith & Prophete, LLP

Direct: 828.277.5137 • Mobile: 828.215.3529 • Direct Fax: 828.333.5009
E-mail: JYarbrough@constangy.com •View Bio/VCard • Legal Assistant: Linda Nolan, 828-333-5012
84 Peachtree Road
Suite 230
Asheville, NC 28803

Main: 828.333.4218 • Fax: 828.277.5138
*****

**From:** Glen C. Shults [mailto:shultslaw@bellsouth.net]
**Sent:** Friday, June 12, 2020 12:18 PM
**To:** Yarbrough, Jonathan <JYarbrough@constangy.com>
**Cc:** Clodomir, Gerard <gclodomir@constangy.com>; wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation [CNGY-WORKSITE.FID2061848]

Jon: I will oppose any in-person depositions. I found some case law to support my position yesterday, and am providing these cites in the hope that this will cause you to reconsider: Grano v. Sodexo Management, Inc., 2020 WL 1975057 (S.D. Cal. 2020); SAPS, LLC v. EZCare Clinic, Inc., 2020 WL 1923146 (E.D. La. 2020); and Rodriguez-Carias v. Nelson's Auto Salvage and Towing Service, 189 N.C. App. 404, 659 S.E.2d 97 (2008) (unpublished). If you have any case authority that supports your position, please let me know and I will read it. You should issue your deposition notice. If it states that the deposition will be conducted in person, I will file a motion for a protective order as this is a matter that the parties should be able to resolve, and I think that the appropriate resolution under the circumstances is clear. Also, please advise as to what date that you intend to notice Crawford's deposition. Glen Shults

**From:** Yarbrough, Jonathan <JYarbrough@constangy.com>
**Sent:** Friday, June 12, 2020 12:00 PM
**To:** Glen C. Shults <shultslaw@bellsouth.net>
**Cc:** Clodomir, Gerard <gclodomir@constangy.com>; wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation [CNGY-WORKSITE.FID2061848]

Glen – We intend to notice an in person deposition that will be socially distanced. The ones I had for a claim pending in federal court were held in a hotel conference room with the parties more than 6 feet apart.

We understand you have objections to such a deposition and we will continue to monitor the COVID-19 situation.

---

**Jonathan W Yarbrough**
**Partner - Office Head**

**Constangy, Brooks, Smith & Prophete, LLP**
Direct: 828.277.5137 • Mobile: 828.215.3529 • Direct Fax: 828.333.5009
E-mail: JYarbrough@constangy.com •View Bio/VCard • Legal Assistant: Linda Nolan, 828-333-5012
84 Peachtree Road
Suite 230
Asheville, NC 28803
Main: 828.333.4218 • Fax: 828.277.5138
*****

**From:** Glen C. Shults [mailto:shultslaw@bellsouth.net]
**Sent:** Thursday, June 11, 2020 12:34 PM
**To:** Yarbrough, Jonathan <JYarbrough@constangy.com>
**Cc:** Clodomir, Gerard <gclodomir@constangy.com>; wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation [CNGY-WORKSITE.FID2061848]

Jon: I have not researched the federal rules that you cited, but I will try to look into that. But I also note that in all of this discussion, you have failed to present any reason as to why the purpose of the depositions cannot be accomplished by way of computer technology or telephone, if necessary, as opposed to in-person depositions. Glen Shults

4

**From:** Yarbrough, Jonathan <JYarbrough@constangy.com>
**Sent:** Thursday, June 11, 2020 12:21 PM
**To:** Glen C. Shults <shultslaw@bellsouth.net>
**Cc:** Clodomir, Gerard <gclodomir@constangy.com>; wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation [CNGY-WORKSITE.FID2061848]

That issue was not raised because I had not looked in to it.

I find your reasons unavailing but will give them due consideration.

---

**Jonathan W Yarbrough**
**Partner - Office Head**

Constangy, Brooks, Smith & Prophete, LLP
Direct: 828.277.5137 • Mobile: 828.215.3529 • Direct Fax: 828.333.5009
E-mail: JYarbrough@constangy.com •View Bio/VCard • Legal Assistant: Linda Nolan, 828-333-5012
84 Peachtree Road
Suite 230
Asheville, NC 28803
Main: 828.333.4218 • Fax: 828.277.5138
*****

**From:** Glen C. Shults [mailto:shultslaw@bellsouth.net]
**Sent:** Thursday, June 11, 2020 12:16 PM
**To:** Yarbrough, Jonathan <JYarbrough@constangy.com>
**Cc:** Clodomir, Gerard <gclodomir@constangy.com>; wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation [CNGY-WORKSITE.FID2061848]

Jon: My initial response is that there is a far greater chance of transmission of the virus where individuals are congregated in a room. In fact, as I understand it, the risk of transmission is much higher where there are a number of individuals in an enclosed space, which is typically the case with depositions. Moreover, as I also understand it, there is a significant chance of transmission from individuals who are infected but asymptomatic. The rate of transmission is apparently increasing in North Carolina and several other states, and the consensus appears to be that it is because of the relaxing of the restrictions that had been followed. With respect to the court reporter issue, that appears to be something of a red herring argument since that objection was never raised at Greg Roper's deposition. It is true that Crawford has to report to work, but that is not something that he has any control over. It is entirely unnecessary for the depositions in this case to be conducted in person. As I stated, I will oppose any effort to take in-person depositions in this case. Glen Shults

**From:** Yarbrough, Jonathan <JYarbrough@constangy.com>
**Sent:** Thursday, June 11, 2020 11:38 AM
**To:** Glen C. Shults <shultslaw@bellsouth.net>
**Cc:** Clodomir, Gerard <gclodomir@constangy.com>; wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation [CNGY-WORKSITE.FID2061848]

Glen – To make a final decision on this I need to understand the exact basis for Crawford's desire to have an electronic deposition. His situation differs from Roper in that Crawford is the plaintiff while Roper was a third party witness that you had not even identified as a potential witness until shortly before you deposed him. If Crawford can go to work, then seems to me he can appear in person for a socially distanced deposition. Likely a whole lot less risk of transmission in such a deposition. Please provide me your reasons why he can't so that my client and I can review.

5

Furthermore, it appears that Rules 28 and 30 require the depositions to have a court reporter in the room with the deponent. So, not certain that the addition of an attorney, socially distanced, changes the equation at all.

**Jonathan W Yarbrough**
**Partner - Office Head**

Constangy, Brooks, Smith & Prophete, LLP
Direct: 828.277.5137 • Mobile: 828.215.3529 • Direct Fax: 828.333.5009
E-mail: JYarbrough@constangy.com •View Bio/VCard • Legal Assistant: Linda Nolan, 828-333-5012
84 Peachtree Road
Suite 230
Asheville, NC 28803
Main: 828.333.4218 • Fax: 828.277.5138
*****

**From:** Glen C. Shults [mailto:shultslaw@bellsouth.net]
**Sent:** Thursday, June 11, 2020 10:35 AM
**To:** Yarbrough, Jonathan <JYarbrough@constangy.com>
**Cc:** Clodomir, Gerard <gclodomir@constangy.com>; wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation [CNGY-WORKSITE.FID2061848]

Jon: You should tell me by 12:00 noon tomorrow as to whether you are going to insist on an in-person deposition of Crawford. You have known my position on this matter, and have had sufficient time to consider it. If I don't hear from you by then, I will assume that you intend to notice an in-person deposition of Crawford, and will start the process of pursuing a protective order, and getting his deposition scheduled. As I have previously stated, I believe that all of the depositions in this case should be taken by computer technology, or telephone. We have already taken one deposition by telephone, Greg Roper, and there were no problems with that procedure. Glen Shults

**From:** Yarbrough, Jonathan <JYarbrough@constangy.com>
**Sent:** Thursday, June 11, 2020 10:17 AM
**To:** Glen C. Shults <shultslaw@bellsouth.net>
**Cc:** Clodomir, Gerard <gclodomir@constangy.com>; wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation [CNGY-WORKSITE.FID2061848]

Glen – Maybe you need to read more closely. I have not said anything definitively about depositions. I said we are considering his or your request.

**Jonathan W Yarbrough**
**Partner - Office Head**

Constangy, Brooks, Smith & Prophete, LLP
Direct: 828.277.5137 • Mobile: 828.215.3529 • Direct Fax: 828.333.5009
E-mail: JYarbrough@constangy.com •View Bio/VCard • Legal Assistant: Linda Nolan, 828-333-5012
84 Peachtree Road
Suite 230
Asheville, NC 28803
Main: 828.333.4218 • Fax: 828.277.5138
*****

**From:** Glen C. Shults [mailto:shultslaw@bellsouth.net]
**Sent:** Thursday, June 11, 2020 10:15 AM
**To:** Yarbrough, Jonathan <JYarbrough@constangy.com>

6

**Cc:** Clodomir, Gerard <gclodomir@constangy.com>; wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation [CNGY-WORKSITE.FID2061848]

Jon: I will not agree to any in-person depositions, particularly given Crawford's medical history and the fact that coronavirus infections are on the uptick in North Carolina, apparently one of the 12 or so states where that is taking place. If you insist on taking an in-person deposition of Crawford, please let me know because I intend to file a motion for a protective order on the matter. Glen Shults

**From:** Yarbrough, Jonathan <JYarbrough@constangy.com>
**Sent:** Thursday, June 11, 2020 10:03 AM
**To:** Glen C. Shults <shultslaw@bellsouth.net>; Clodomir, Gerard <gclodomir@constangy.com>
**Cc:** wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation [CNGY-WORKSITE.FID2061848]

Glen – Surely you have better things to do than attempt to get the last word on any issue.

As Gerard and I told you, we are working on dates.

We will consider telephonic depositions but I can tell you for a fact that socially distanced in person depositions are taking place in federal court cases in WDNC.

_____

**Jonathan W Yarbrough**
**Partner - Office Head**

**Constangy, Brooks, Smith & Prophete, LLP**
Direct: 828.277.5137 • Mobile: 828.215.3529 • Direct Fax: 828.333.5009
E-mail: JYarbrough@constangy.com •View Bio/VCard • Legal Assistant: Linda Nolan, 828-333-5012
84 Peachtree Road
Suite 230
Asheville, NC 28803
Main: 828.333.4218 • Fax: 828.277.5138
*****

**From:** Glen C. Shults [mailto:shultslaw@bellsouth.net]
**Sent:** Thursday, June 11, 2020 9:45 AM
**To:** Clodomir, Gerard <gclodomir@constangy.com>
**Cc:** Yarbrough, Jonathan <JYarbrough@constangy.com>; wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation

Gerard: I appreciate your e-mail, but with respect to Mr. Crawford's availability, you forget to mention that your firm did a document dump of some 14,000 – 15,000 pages of documents on April 28, some four weeks before you wanted to schedule the plaintiff's deposition within the last two (2) weeks of the discovery period, which had commenced on September 6, 2019 (and actually earlier for the plaintiff's document production requests). Let me know when you want to schedule Crawford's deposition, and whether you are agreeable to conducting the deposition by computer technology or telephone. In light of Judge Metcalf's comments in yesterday's order about getting discovery accomplished before July 31, 2020, I believe that I have other option but to get depositions scheduled. Glen Shults

**From:** Clodomir, Gerard <gclodomir@constangy.com>
**Sent:** Wednesday, June 10, 2020 6:56 PM
**To:** Glen C. Shults <shultslaw@bellsouth.net>; Yarbrough, Jonathan <JYarbrough@constangy.com>

**Cc:** wiley@wgcdlaw.com
**Subject:** RE: Crawford v. Blue Ridge Metals Corporation

Glen: You made this request for the first time just on Friday afternoon. Jon told you on Sunday that we will work on it, and we are. I'd appreciate a little patience as we do so. Recall that it took you more than four weeks to get us Mr. Crawford's availability.

_____

**Gerard Clodomir**
**Attorney**

Constangy, Brooks, Smith & Prophete, LLP
Direct: 336.721.6862
E-mail: gclodomir@constangy.com •View Bio/VCard
100 N. Cherry Street
Suite 300
Winston-Salem, NC 27101-4016
Main: 336.721.1001 • Fax: 336.748.9112
***

**From:** Glen C. Shults [mailto:shultslaw@bellsouth.net]
**Sent:** Wednesday, June 10, 2020 4:55 PM
**To:** Yarbrough, Jonathan; Clodomir, Gerard
**Cc:** wiley@wgcdlaw.com
**Subject:** Crawford v. Blue Ridge Metals Corporation

Jon/Gerard: Please let me know the dates between now and July 31, 2020 when the individual defendants are not available for depositions. I assume that any dates upon which they are available are dates upon you will be available to defend the depositions. I would like to get this information by the close of business tomorrow; otherwise, I will just go ahead and serve them with deposition subpoenas. I am proposing to take these depositions by computer technology or telephone. I would also propose that Crawford's deposition be taken by computer technology or telephone. Please let me know if you are agreeable to this procedure. Thanks. Glen Shults

Law Offices of Glen C. Shults
959 Merrimon Avenue, Suite 204 (28804)
P.O. Box 18687
Asheville, North Carolina 28814
(828) 251-9676
(828) 251-0648 (Fax)