IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:19-CV-206

| | |
|---|---|
| WESLEY CRAWFORD,<br><br>            Plaintiff,<br><br>v.<br><br>BLUE RIDGE METALS CORPORATION, DONALD YOUNG, individually; KEITH RAMSEY, individually; and JENNIFER KIRKPATRICK, individually,<br><br>            Defendants. | **OPPOSITION TO PLAINTIFF'S MOTION THAT HIS DEPOSITION BE TAKEN REMOTELY VIA COMPUTER TECHNOLOGY** |

Defendants Blue Ridge Metals Corporation ("BRM"), Donald Young, Keith Ramsey, and Jennifer Kirkpatrick (collectively, "Defendants") submit this Opposition to Plaintiff's Motion That His Deposition Be Taken Remotely Via Computer Technology (the "Motion").

First, to provide some brief additional context: Defendants first requested dates for Plaintiff's deposition in an email on April 29, 2020. (See April 29, 2020 email from Clodomir to Shults, et al.) (Exhibit A, hereto). The email advised that it was Defendants' strong preference to take Plaintiff's deposition in person, but that if the then-pending stay-at-home orders made such depositions impossible, Defendants would look into remote options. After hearing no response, Defendant's counsel followed up with Plaintiff's counsel. (See May 13, 2020 email from Clodomir to Shults, et al.) (Exhibit B, hereto). On

May 13, 2020, Plaintiff's counsel advised that he would speak to Plaintiff about his availability but stated that he will oppose any effort to conduct in-person depositions. (May 13, 2020 email from Shults to Clodomir, et al.) (Exhibit C, hereto). Counsel proceeded to email back and forth regarding dates for Plaintiff's deposition, and his objection to in-person depositions for the subsequent six weeks. On June 23, Plaintiff brought the disagreement to the Court's attention and a teleconference was held with the Court on June 30, at 12:00, in which Plaintiff was granted permission to file his Motion. Rather than immediately file his Motion, Plaintiff waited until July 3, 2020, over the holiday weekend, and just six days prior to Plaintiff's noticed deposition, to file the Motion.

The crux of Plaintiff's argument is that he suffers from several pre-existing conditions that render it unsafe for him to appear for an in-person deposition. First, particularly because of Plaintiff's concerns, Defendants have taken steps that go above and beyond government guidelines, and are perfectly in line with the North Carolina governor's Executive Orders and the current practice of this Court. Defendants have paid to reserve a 1,400 square foot conference room in the Biltmore Park Hilton. Not only will there be far more than enough space for all participants to remain well-beyond the six feet apart that has been recommended, the space will be well-sanitized, as Hilton has incorporated a rigorous cleaning program designed in collaboration with RB/Lysol and the Mayo Clinic.[1] As discussed below, Plaintiff cannot say either is true for where he intends to appear for his deposition.

---

[1] See https://newsroom.hilton.com/corporate/news/hilton-defining-new-standard-of-cleanliness.

To be clear, although Plaintiff argues that it is unsafe for him to venture into a commercial area of Buncombe County, he is **not** proposing as the alternative that he testify alone in his house. As Plaintiff's counsel shared on the teleconference with the Court, he is intending for Plaintiff to travel to his own law offices in the Beaver Lake Office Plaza, home to several other public establishments, and testify with his two attorneys.[2] The only individuals who would not be present with Plaintiff are Mr. Yarbrough and the Court Reporter. Ironically, even with two additional participants, holding the deposition in the 1,400 square foot Hilton conference room would provide more space to socially distance than Mr. Shults' office. Neither can Mr. Shults likely claim to have incorporated a comprehensive cleaning regimen reaching the standards approved by the Mayo clinic for Hilton.[3] Plaintiff's argument on the grounds of insufficient safety precautions just do not comport with these facts, particularly in view of what Plaintiff is proposing to do instead.

Second, regarding the cases cited by Plaintiff, there is no question that during the pandemic, courts have often resorted to remote depositions. But this Court should be cautious about viewing such rulings as some precedent for Plaintiff's Motion. Each case has its own particular facts and should be assessed accordingly. For example, in the Learning Resources, Inc. v. Playgo Toys Enterprises, Ltd. case cited by Plaintiff, the Court noted that the deponent (who was not even a named party) would have needed to fly from

---

[2] To the extent Plaintiff truly believes appearing at a law firm office is safer than the Hilton hotel, Defendants' counsel are certainly able and willing to notice the deposition in their office.

[3] Plaintiff's attempt to compare the hotel conference room to nursing homes is unfair. There are obvious differences between nursing homes and a hotel conference room, including the number of individuals living in close quarters, and sometimes even sharing rooms.

3

Chicago to Arkansas, to attend his deposition with multiple sets of counsel flying in from New York City and Austin. 2020 WL 3250723, at *1. In another of Plaintiff's cited cases, Townhouse Rest. of Oviedo, Inc. v. NUCO2, LLC, No. 19-14085-CIV, 2020 WL 3316021, at *1 (S.D. Fla. May 5, 2020), the defendant opposed in-person depositions "in light of the Center for Disease Control and Prevention's recommendations about social distancing and advice against travelling outside of local areas due to COVID-19." The Court noted that "[f]our of the deponents reside in different parts of Florida, and three live outside of the state."[4] Unlike these cases, there is a viable option here to safely hold the deposition in a location where the parties can remain far more than six feet apart. Nor will anyone have to travel across state lines or even from different parts of the state.

Further, it is notable that none of the cases are from this Court, or any other Court in North Carolina or even the Fourth Circuit. That is important, because the reality of the pandemic has been that States and local communities around the country have all been affected in different ways and have taken different approaches to responding. For that reason, Defendants submit that it is far more prudent for the Court to use as guidance, its own Administrative Orders, as well as State and local edicts. At this point, it has been more than six weeks since North Carolina emerged from the stay-at-home orders on May

---

[4] By way of further example for why Plaintiff's cited cases are inapposite, see also In re Broiler Chicken Antitrust Litig., No. 1:16-CV-08637, 2020 WL 3469166, at *1 (N.D. Ill. June 25, 2020) ("The Court also agrees that it needs to enter a protocol for taking remote depositions in a case like this with three putative classes, over 100 opt-out [Direct Action Plaintiffs], more than 20 Defendants, dozens of lawyers, and the United States Department of Justice, as intervenor, watching everything that is going on because of a parallel grand jury investigation, and at least one pending felony indictment.")

4

6816132v.1
Case 1:19-cv-00206-MOC-WCM   Document 31   Filed 07/09/20   Page 4 of 7

22, 2020.  See Executive Order No. 141.  The state is now in its second phase of reopening.  There is nothing in the Executive Orders that would prohibit such a deposition from occurring.  Cf. Townhouse Rest., 2020 WL 3316021, at *1 (noting as an additional reason to order remote depositions that the County in which the depositions were to take place remained closed by order of the Governor of Florida).  Nor has there been anything along those lines issued by this Court.  To the contrary, this Court is now permitting in-person motion hearings and even jury trials as long as the Courtrooms can be arranged "as to promote social distancing practices."  See In re: COVID-19 Administrative Order Revising Court Operations for Phase Two (May 29, 2020).  That is precisely what Defendants have arranged for Plaintiff's deposition.

Plaintiff's deposition is the only one that has been noticed by Defendants, and he is the central witness in the case.  While that is often true in employment cases, it is especially so here where Plaintiff was terminated from his employment because of interpersonal conflicts.  It is also telling that at the heart of Plaintiff's Motion is really a request that Defendant's counsel not be in the room with Plaintiff.  As noted, Plaintiff is perfectly content to appear in-person, with his attorneys, in a smaller office space.  But he is not apparently willing to appear in a large conference room with Defendant's counsel.

For the foregoing reasons, Defendants respectfully request that (i) Plaintiff's motion be denied; (ii) the July 7, 2020 Order, temporarily staying the deposition of Plaintiff be lifted; and (iii) Plaintiff be ordered to appear in-person for his deposition on July 21, 2020.

5

Respectfully submitted, this the 9th day of July, 2020.

**/s/ Jonathan W. Yarbrough**
Jonathan W. Yarbrough
N.C. State Bar No. 21316
CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
84 Peachtree Road, Suite 230
Asheville, NC 28803
Telephone: (828) 277-5137
Facsimile: (828 277-5138
Email:jyarbrough@constangy.com

**/s/ Gerard M. Clodomir**
Gerard M. Clodomir
N.C. State Bar No. 54176
CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
100 North Cherry St., Suite 300
Winston-Salem, NC  27101
Telephone: (336) 721-1001
Facsimile:  (336) 283-0385
Email:  gclodomir@constangy.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2020, I electronically filed the **OPPOSITION TO PLAINTIFF'S MOTION THAT HIS DEPOSITION BE TAKEN REMOTEVELY VIA COMPUTER TECHNOLOGY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: **Glen C. Shults** (shultslaw@bellsouth.net) and **J. Wiley Westall, III** (wiley@wgcdlaw.com).

**/s/Gerard M. Clodomir**
Gerard M. Clodomir
N.C. State Bar No. 54176
CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
100 North Cherry St., Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-1001
Facsimile: (336) 283-0385
Email: gclodomir@constangy.com