IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-CV-206 MOC WCM

| | | |
|---|---|---|
| WESLEY CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BLUE RIDGE METALS CORPORATION, | ) | |
| DONALD YOUNG, KEITH RAMSEY, and | ) | |
| JENNIFER KIRKPATRICK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is: (1) Plaintiff's Motion for Protective Order That His Deposition be Taken Remotely, via Computer Technology (the "Motion for Protective Order," Doc. 27); and (2) Plaintiff's Motion to Seal Exhibits A – B Attached to the Affidavit of Glen C. Shults in Support of Plaintiff's Motion that his Deposition Be Taken Remotely, via Computer Technology (the "Motion to Seal," Doc. 28).

## I. Background

The discovery dispute at issue pertains to how Plaintiff would appear for his deposition, which Defendants noticed for July 9, 2020.[1] A telephone conference was held with counsel for the parties on June 30, 2020 to discuss

---

[1] On July 7, 2020, the Court temporarily stayed Plaintiff's deposition to allow resolution of the Motion for Protective Order. Doc. 30.

1

the parties' disagreement over Plaintiff's desire to attend the deposition remotely, and, following that conference, Plaintiff filed the instant Motion for Protective Order and Motion to Seal. Docs. 27 & 28. Defendants Blue Ridge Metals Corporation, Donald Young, Keith Ramsey, and Jennifer Kirkpatrick ("Defendants") have filed a response in opposition and Plaintiff has replied. Docs. 31, 32.

## II. Motion to Seal

By his Motion to Seal, Plaintiff seeks an order sealing two exhibits submitted in support of the Motion for Protective Order, which are copies of Plaintiff's medical records. See Doc. 29.

The Court has considered the Motion to Seal, the public's interest in access to the subject materials, and alternatives to sealing. See LCvR 6.1. The Court determines that sealing is appropriate, and that less restrictive means of handling the information are insufficient, as the subject filings reference Plaintiff's confidential medical information.

## III. Motion for Protective Order

### A. Legal Standard

Federal Rule of Civil Procedure 26(c)(1) provides, in relevant part that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. … The court may,

> for good cause, issue an order to protect a party or
> person from annoyance, embarrassment, oppression,
> or undue burden or expense …

Federal Rule of Civil Procedure 30(b)(4) provides that "[t]he parties may stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means."   Plaintiff, as the party seeking the protective order, bears the burden of establishing good cause for the entry of a protective order.  See Ben-Levi v. Harris, No. 5:15-3125, 2016 WL 8997396 at * 3 (E.D.N.C. Aug. 16, 2016) ("The party moving for the protective order bears the burden of showing good cause and 'must present a particular and specific demonstration of fact' as to why the protective order should be granted.") (citations omitted).

## B. Analysis

Plaintiff seeks a protective order allowing him to participate in his deposition remotely "because of his health condition relative to the current COVID-19 pandemic."  Doc. 27, p. 1.[2]  Specifically, Plaintiff wishes for the deposition to be conducted in the following manner:

> Plaintiff and his counsel would be in the undersigned's
> law office positioned before a computer screen.
> Defendants' counsel would be at their computer
> screens, presumably at their law offices.  Any party or
> party representative of Defendants would be allowed

---

[2] Plaintiff explains that he has a history of rectal cancer (2016), hypertension, low testosterone, and depression and anxiety, and additionally that he is a former smoker.  Doc. 27-1, p. 3.

to appear for the deposition remotely as well, either at their attorneys' offices, or at another location. The court reporter would be transcribing the deposition remotely.

Doc. 27-1, p. 4.

In response, Defendants argue that they have taken extensive steps to ensure Plaintiff's safety at an in-person deposition, and that because Plaintiff plans to travel to his attorney's office to participate in the deposition, "the heart of Plaintiff's Motion is really a request that Defendant's counsel not be in the room with the Plaintiff." Doc. 31, p. 5. In particular, Defendants explain that they have reserved a 1,400 square foot hotel conference room to allow social distancing well beyond six feet and that the space itself "will be well-sanitized" by "a rigorous cleaning program designed in collaboration with RB/Lysol and the Mayo Clinic," and argue that these accommodations are far safer than Plaintiff's plan to appear from his attorney's office. Doc. 31, pp. 2-3. Although Defendants recognize that other courts have ordered depositions to occur remotely, they contend that each case must be considered on its own facts, and point out that North Carolina is in "its second phase of reopening" and that in-person motion hearings and jury trials are being conducted in this district, as long as social-distancing measures are observed. Id. at p. 5.

Plaintiff's concern for his health and potential exposure to COVID-19 is, of course, understandable. Further, the Court agrees with Plaintiff's statement

that "there is no risk-free manner in which to conduct Plaintiff's deposition." Doc. 32, p. 4. The question, therefore, is what method is appropriate in the specific circumstances of this individual case, and, more precisely, whether Plaintiff has sufficiently demonstrated that Defendants' notice requiring him to appear in person constitutes an undue burden that justifies the entry of a protective order.

Plaintiff acknowledges that he is currently working at a local facility "on a shift running from 3:30 p.m. to 11:00 p.m." Doc. 27-1, p. 3. He also states in his Reply that an undetermined number of positive cases of COVID-19 have been identified in the building where he works. Doc. 32, p. 3-4. According to a memorandum from his employer, the worksite is requiring employees to follow masking, handwashing/sanitizing, and social distancing measures. Doc. 32, p. 6.

Plaintiff's deposition, as limited by the Federal Rules of Civil Procedure, would be of a similar duration to one shift at Plaintiff's current employment. See FRCP 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours.").

Plaintiff's proposal – that he participate in the deposition from his attorney's office, with both himself and his counsel "positioned before a computer screen" – is not that his deposition be taken via fully remote means; while Plaintiff would not be in the physical presence of defense counsel and a

5

court reporter, he would still be in physical presence of his attorney in another place of business (his attorney's office).

In addition, and besides the extensive accommodations defense counsel has arranged, the undersigned expects that Plaintiff's deposition will comply with all state and local public health guidelines, including masking requirements.

The undersigned notes the interest of all parties in their personal safety and finds that the Motion for Protective Order presents a close and difficult question. However, under the circumstances presented, the undersigned is not persuaded that the deposition must be held in the semi-remote fashion Plaintiff requests.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Motion to Seal Exhibits A – B Attached to the Affidavit of Glen C. Shults in Support of Plaintiff's Motion that his Deposition Be Taken Remotely, via Computer Technology (Doc. 28) is **GRANTED** and Exhibits A – B (Doc. 29) shall remain sealed. The sealing ordered herein shall be permanent, subject to further Order of the Court.

2. Plaintiff's Motion for Protective Order That His Deposition be Taken Remotely, via Computer Technology (Doc. 27) is **DENIED.**

3. The temporary stay entered on July 7, 2020 (see Doc. 30) is **LIFTED**.

Signed: July 15, 2020

W. Carleton Metcalf
United States Magistrate Judge