IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-CV-206 MOC WCM

| | | |
|---|---|---|
| WESLEY CRAWFORD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| BLUE RIDGE METALS CORPORATION, DONALD YOUNG, KEITH RAMSEY, and JENNIFER KIRKPATRICK, | ) ) ) ) ) | |
| Defendants. | ) ) | |

On July 24, 2020, the undersigned's chambers received correspondence from Plaintiff's counsel indicating that a dispute has arisen regarding an extension of time for the completion of Plaintiff's deposition. Specifically, Plaintiff's counsel explained that Plaintiff was deposed on July 21, 2020, and that Plaintiff's counsel desires an additional one-and-a-half to two hours beyond the seven-hour limit "to complete examination of plaintiff on cross-examination…." Defense counsel objects and Plaintiff has requested a conference with the undersigned to discuss this issue pursuant to the Pretrial Order and Case Management Plan (the "Pretrial Order"), which requires that a party seek such a conference before filing a disputed motion for an order relating to discovery. Doc. 9, ¶ III(B).

1

Since approximately late March of 2020, multiple discovery disputes have arisen in this case. These disputes have involved telephonic conferences, motions practice (with voluminous filings in some instances), and subsequent written orders by the Court. See e.g., Doc. 17 (Plaintiff's Motion to Extend Discovery Deadline, and Other Deadlines in the Case); Doc. 24 (Defendants' Motion to Extend Mediation Deadline); Doc. 27 (Plaintiff's Motion for Protective Order That His Deposition be Taken Remotely, via Computer Technology).

Currently pending, aside from the issue raised by Plaintiff's counsel regarding additional time for Plaintiff's deposition, is a motion by Defendant seeking a protective order relative to a Rule 30(b)(6) deposition of Defendant that has been noticed by Plaintiff. Doc. 34. The time allotted for court-enforced discovery was extended previously and concludes on July 31. Doc. 22.

In light of the discovery deadline, the need for the Court to address the pending motion for a protective order, the nature of the current dispute over the length of Plaintiff's deposition, and the need for the resources of the Court and parties to be used efficiently, Plaintiff's request for a discovery conference on that issue will be denied.

Should the parties be unable, after reasonable and thorough consultation, to resolve their dispute regarding the potential continuation of Plaintiff's deposition, they may file appropriate motions on that topic, provided

2

however that such filings will be subject to two (2) conditions. First, any such motion must recount in detail the parties' efforts to resolve the dispute, taking into account the following admonition that appears in the Pretrial Order:

> Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of Court intervention. Failure to do so may result in appropriate sanctions.

Doc. 9, ¶ III(G).

Second, the motion, together with any related filings including a supporting brief and exhibits, shall be limited to ten (10) pages or less. The same limitation shall apply to any response.

**IT IS THEREFORE ORDERED** that Plaintiff's request for a conference to discuss the potential continuation of Plaintiff's deposition is **DENIED**.

**IT IS FURTHER ORDERED** that in the event the parties are unable to resolve this issue, they may proceed to file appropriate discovery motions consistent with the limitations and conditions set forth above.

Signed: July 29, 2020

W. Carleton Metcalf
United States Magistrate Judge